**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME ANTHONY ALFORD,<br>          *Plaintiff-Appellant,*<br><br>v.<br><br>JOI HANER, a Washington State<br>Patrol Officer; JANE DOE HANER,<br>his wife; GERALD DEVENPECK, Sgt.,<br>Washington State Patrol; JANE DOE<br>DEVENPECK, his wife,<br>          *Defendants-Appellees.* | No. 01-35141<br><br>D.C. No.<br>CV-99-05586-RJB<br><br>ORDER<br>GRANTING<br>PETITION FOR<br>REHEARING,<br>DENYING<br>PETITION FOR<br>REHEARING EN<br>BANC, AND<br>AFFIRMING |

Filed April 26, 2006

Before: James R. Browning, Betty B. Fletcher, and
Ronald M. Gould, Circuit Judges.

Order;
Dissent by Judge B. Fletcher

---

## ORDER

Judges Browning and Gould voted to grant the petition for rehearing; Judge B. Fletcher voted to deny it. The petition for rehearing en banc was circulated to the full court. No judge has requested a vote on rehearing en banc. The petition for rehearing is GRANTED and the petition for rehearing en banc is DENIED. The Order filed on August 9, 2005, appearing at 418 F.3d 1004, is withdrawn.

This case returns to us on remand from the Supreme Court. *Devenpeck v. Alford*, 543 U.S. 146 (2004), reversing *Alford v. Haner*, 333 F.3d 972 (9th Cir. 2003). We must now address whether or not Defendants had probable cause to arrest Alford for the offenses of obstructing a law enforcement officer or impersonating a law enforcement officer. *See id.* at 156. Alford argues we should remand because there are disputed material facts as to the existence of probable cause and the possibility of qualified immunity. We disagree.

We review a denial of a motion for new trial for abuse of discretion, and we can reverse such a denial only if the district court makes a legal error in applying the standard for a new trial or the record contains no evidence that can support the verdict. *Graves v. City of Coeur d'Alene*, 339 F.3d 828, 839 (9th Cir. 2003); *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987). In our original decision, we reversed because we determined that the record contained no evidence to support the jury's verdict in Defendants' favor. We held that a reasonable jury could not have concluded Officer Haner had probable cause to arrest or was entitled to qualified immunity because the actions for which Alford was arrested and charged were in fact lawful. *Alford*, 333 F.3d at 979. Critical to our analysis was our understanding, following the since-rejected "closely related offense" rule, that "probable cause to arrest for other unrelated offenses, if present, does not cure the lack of probable cause here." *Id.* at 976-77. As Alford has never argued that the district court made legal error in applying the standard for a new trial, we must now affirm if there is any evidence in the record which supports the jury's verdict.

After careful review, the majority finds that there is sufficient evidence in the record to support a finding of objective probable cause to arrest Alford for the misdemeanor offense of criminal impersonation in the second degree. *See* Wash. Rev. Code § 9A.60.040(3) (West 1996).[1] Specifically, the jury

---

[1]In relevant part § 9A.60.040(3) states:

A person is guilty of criminal impersonation in the second

heard testimony that, at the time he arrested Alford, Officer Haner had been told by the motorists Alford aided that they thought he was a police officer and he had been using wig-wag headlights when he pulled in behind them.[2] Additionally, Haner himself observed a police-style radio, a portable radio scanner, and handcuffs in Alford's car prior to the arrest. We conclude that those facts and circumstances are sufficient to warrant a reasonable officer in Haner's position to believe that Alford had impersonated a law enforcement officer. *See id.*; *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) ("Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." (citation and internal quotation marks omitted)).

Given the unique circumstances of this case, we briefly

---

degree if the person:

(a) Claims to be a law enforcement officer or creates an impression that he or she is a law enforcement officer; and

(b) Under circumstances not amounting to criminal impersonation in the first degree, does an act with intent to convey the impression that he or she is acting in an official capacity and a reasonable person would believe the person is a law enforcement officer.

[2]Alford has argued that there could not have been probable cause for this offense because his alleged use of wig-wag lights and original interaction with the motorists did not occur in Officer Haner's presence. It may be that Alford's arrest violated Washington law in this regard. *See* Wash. Rev. Code § 10.31.100 (West 1996) (authorizing warrantless misdemeanor arrest only when the offense is committed in the presence of the officer or is a listed offense). However, in the absence of direction from the Supreme Court, we have held that the common law "in the presence" requirement is not a constitutional one. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990).

address the adequacy of the jury instructions. Although we would expect a court normally to give instruction on all supporting offenses when charging a civil jury with determining probable cause, that did not happen in this case. The jury was instructed on Washington's Privacy Act but not on § 9A.60.040 impersonation. We need not decide whether the lack of that instruction was erroneous because any error in its omission, in this case, was harmless.

Most importantly, the jury was properly instructed, without objection, on probable cause. The language of that instruction alone is sufficient to support their verdict.[3] Moreover, in addition to the supporting evidence noted above, the jury heard unrebutted testimony from a defense witness that there was sufficient probable cause to arrest Alford.[4] We conclude that, weighing all the evidence before them, a reasonable jury could have followed the probable cause instruction given them and concluded that, even if Alford did not violate Washington's Privacy Act as a matter of law (as their other instructions made clear), there was, nonetheless, objective probable cause for Haner to arrest him.

The denial of Alford's motion for a new trial is **AFFIRMED**.

---

[3]*See* Jury Instruction 12 ("An arrest made without probable cause is unreasonable. Probable cause to arrest is determined by viewing the totality of the circumstances known to the arresting officer at the time of the arrest. The standard is met if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to conclude that the suspect has committed, is committing, or was about to commit a crime.").

[4]The jury heard testimony from an assistant district attorney with whom Sergeant Devenpeck spoke by telephone shortly after Alford's arrest. At trial he testified that, after Devenpeck had related to him the events surrounding Alford's stop and arrest, he "advised Sergeant Devenpeck there was clearly probable cause," based on the totality of the circumstances and after discussing possible charges of violating the Privacy Act, impersonating an officer, and false representation to an officer.

B. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent.

Our prior order remanding to the district court because the issue of probable cause for impersonating an officer was not before the jury, was correct. Any evidence of other conduct by Alford was presented only in the context of whether he had the requisite intent under the Privacy Act. The instructions to the jury were in the context of violation of the Privacy Act. The jury was not asked to consider other possible crimes for which Alford could have been arrested.

The arguments of both counsel focused on the Privacy Act and witness-credibility. Neither suggested that the jury was to decide whether there was probable cause to arrest for impersonating a police officer. Granting the government's Petition for Rehearing and affirming the acquittal is inconsistent with the testimony, the jury instructions, and counsels' arguments all of which indicate that the jury was not presented with the theory that the officers may have probable cause to arrest for an offense other than Privacy Act violations. The remand to the district court, leaving those proceedings open on the issue of qualified immunity, is appropriate. We should deny the government's Petition for Rehearing.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.