**Avril ADAMS, Plaintiff–Appellant,**

v.

**State of CALIFORNIA DEPARTMENT OF HEALTH SERVICES, a public entity; Donnata Moreland, individually; Stephen G. Weyers, MD, individ-**

ually and in his capacity as Chief Medical Officer; Lavonne Coen, individually and as a Supervisor, Defendants–Appellees.

No. 05–56857.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2006 *.

Filed Feb. 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

B. Kwaku Duren, Los Angeles, CA, for Plaintiff–Appellant.

Martin Milas, Esq., Jessica K. Frazier Fax, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiff–Appellant Avril Adams appeals the district court's grant of partial summary judgment to Defendants–Appellees California Department of Health Services

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("CDHS"), La Vonne Coen, and Donnata Moreland in this employment discrimination and retaliation action. Adams also appeals the judgment entered against her following a jury trial and the district court's denial of her request for declaratory relief. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court properly exercised its discretion in denying Adams's motion to amend. Adams delayed attempting to amend her complaint until more than three months after the deadline set by the district court, although she discovered facts giving rise to a potential amendment more than two months before that deadline. Adams failed to show good cause for her failure to comply with the district court's scheduling order under Federal Rule of Civil Procedure 16. *See* Fed.R.Civ.P. 16; *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 952 (9th Cir.2006). The district court also properly determined that allowing Adams to amend her complaint after substantial discovery had taken place would have prejudiced the defendants and caused undue delay. *See AmerisourceBergen Corp.,* 465 F.3d at 953; *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).

■ The evidentiary rulings of which Adams complains do not constitute reversible error. She failed to lay a foundation for the evidence she wanted to introduce, failed to make an offer of proof, and in some instances failed to move the admission of desired exhibits into evidence. It was not the district court's responsibility to ensure Adams's evidence was admitted. *See Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 689 (9th Cir.2001).

■ In requesting authorization from the district court to subpoena out-of-district witnesses, Adams failed to demonstrate a substantial need for their testimony that could not otherwise have been met without undue hardship. *See* Fed.R.Civ.P. 45(c)(3)(B)(iii). Adams gave no reason other than her unemployment status as to why the burden should be shifted from her to the witnesses to obtain their testimony. Furthermore, one of the witnesses she sought to subpoena had been deposed, and his presence at trial was unnecessary.

■ Although the district court may have granted summary judgment in favor of the defendants on Adams's California Fair Employment and Housing Act ("FEHA") claim on an impermissible basis—that she failed to oppose this portion of the defendants' requested summary judgment—we may affirm the district court's summary judgment on any basis supported by the record. *See N. Slope Borough v. Rogstad (In re Rogstad),* 126 F.3d 1224, 1227 (9th Cir.1997); *Cusano v. Klein,* 264 F.3d 936, 950 (9th Cir.2001). The summary judgment record shows that CDHS declined to hire Adams because she was unqualified to perform the essential functions of the position. *See Hastings v. Dep't of Corr.,* 110 Cal.App.4th 963, 2 Cal. Rptr.3d 329, 334 (2003). We therefore affirm the grant of summary judgment in favor of the defendants on the FEHA claim on this basis.

We also affirm the district court's jury instructions pursuant to its findings of facts without substantial controversy under Federal Rule of Civil Procedure 56(d). The district court considered Adams's requests for modification of its findings of facts and made one suggested change. The district court's decision not to make other changes requested by Adams does not warrant reversal because even if such a decision constituted error, the error was harmless. *See Dang v. Cross,* 422 F.3d 800, 805 (9th Cir.2005).

Adams's argument that she was entitled to declaratory relief because CDHS failed to obey the State Personnel Board's ("SPB") order to appoint her to the position of food and drug investigator lacks merit. The SPB ordered Adams's appointment to the position unless she was "unsuccessful in the balance of the selection process." Adams was unsuccessful in the balance of the selection process, and the district court's denial of her declaratory relief claim was appropriate.

■ Adams waived her ability to move for judgment as a matter of law by failing to make such a motion at the close of the evidence and before submission of the case to the jury. *See* Fed.R.Civ.P. 50(a)–(b); *Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886–87 (9th Cir.2002). The court's denial of her motion for a new trial was also proper because the jury's verdict was supported by the evidence presented at trial. *See Alford v. Haner,* 446 F.3d 935, 936 (9th Cir.2006).

Finally, if any errors occurred in the district court, they were harmless, and even considering their cumulative effect they did not render the jury's verdict unreliable. Adams was not denied a fair trial. *Cf. Jazzabi v. Allstate Ins. Co.,* 278 F.3d 979, 982 (9th Cir.2002).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.