**Robbie Lee HALL, Plaintiff—Appellant,**

v.

**Paul HUGHES; Scott Macloud; Gary Riesen, in his capacity as the Chelan County Prosecuting Attorney; City of Wenatchee; Burlington Northern & Santa Fe Railway Company, Defendants—Appellees.**

No. 05–35658.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007 *.

Filed May 16, 2007.

Fed. R.App. P. 34(a)(2).

Ryan M. Edgley, Law Offices of Ryan M. Edgley, PLLC, Yakima, WA, for Plaintiff–Appellant.

Patrick G. McMahon, Esq., Carlson McMahon & Sealby, PLLC, Stanley A. Bastian, Esq., Jeffers Danielson Sonn & Aylward PS, Wenatchee, WA, Kevin S. MacDougall, Esq., Tom Montgomery, Esq., Bradley P. Scarp, Esq., Alan L. Mac-Dougall, Esq., Montgomery Scarp Mac-Dougall, PLLC, Seattle, WA, for Defendants–Appellees.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Robbie Lee Hall appeals the district court's grant of summary judgment to the appellees based on qualified immunity. We affirm.

Hall was arrested for second-degree criminal trespass, which is a misdemeanor under Washington state law. Wash. Rev. Code § 9A.52.080 (2006); *see also* Wash. Rev.Code § 9A.52.010(3) (2006). Because we agree with the district court that the arresting officers had probable cause to arrest Hall for his presence on the railroad tracks, the district court properly dismissed Hall's action under 42 U.S.C. § 1983. *See Barry v. Fowler,* 902 F.2d 770, 772 (9th Cir.1990). The district court was correct in concluding that the defendants were entitled to qualified immunity because Hall was not deprived of a constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (holding that first prong of qualified immunity inquiry is to determine whether a constitutional right was violated); *see also Skoog v. County of Clackamas,* 469 F.3d 1221, 1229 (9th Cir.2006).

Although the officers did not observe Hall on the railroad tracks, their arrest for his presence on the tracks did not violate any constitutional right. This court has held that the violation of the Washington statute precluding arrest for a

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

misdemeanor unless the officer observes the crime does not deprive a citizen of a constitutional right. *Alford v. Haner*, 446 F.3d 935, 937 n. 2 (9th Cir.2006); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

 The officers had probable cause to arrest Hall for his presence on the railroad tracks. *See Alford*, 446 F.3d at 937; *Barry*, 902 F.2d at 772. Probable cause existed because at the time of the arrest, the facts and circumstances within arresting officer's knowledge were "sufficient to warrant a prudent man in believing that [Hall] had committed" second-degree criminal trespass. *See Beck v. State of Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *see also Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir.2001).

The officers had received a report that an individual had observed a man sitting or lying on the railroad tracks. The district court observed, "The reliability of this tip was supported when the officers came across Mr. Hall in this general area and [he] appeared to be under the influence of intoxicants, and admitted to have tak[en] three pills." The railroad tracks were not open to the public at any time. *See* Wash. Rev.Code § 9A.52.010(3) (2006). The arresting officers knew that Hall did not have permission to be on the tracks because Officer MacLeod, an agent of the railroad, was present and because the officers asked Hall questions to investigate his presence near the tracks. The district court properly granted summary judgment in favor of the officers based on qualified immunity. *See Orin*, 272 F.3d at 1218 (upholding dismissal of false arrest claim for criminal trespass under Washington law because "a reasonable officer could have concluded" the defendant's presence was unlawful).

Because Hall's arrest for trespass on the railroad tracks was supported by probable cause, we need not reach Hall's claims that the probable cause would not have existed for an arrest based on his presence on the dirt road. Hall's notice of appeal purports to appeal the entire summary judgment order, though he did not expressly raise any arguments with respect to the district court's grant of summary judgment in favor of the City of Wenatchee and Burlington Northern & Santa Fe Railway Company. To the extent that Hall appeals the summary judgment order with respect to those parties and to the extent it is not waived, we affirm the grant of summary judgment for the reasons set forth by the district court in its order.

**AFFIRMED.**