MEMORANDUM *
Milton H. Greene Archives, Inc. (“Archives”) appeals from final judgment following a jury trial in its action for copyright infringement against Julien’s Auction House, LLC and related parties (“Ju-lien’s”) and Barclay Butera, Inc. and related parties (“Barclay”). Archives argues that the district court improperly denied its motion for new trial, asserting various procedural and evidentiary errors and contending that the jury’s verdict on damages was inadequate and/or against the weight of the evidence. Archives also separately appeals the district court’s denial of a permanent injunction and the award of attorneys’ fees. Julien’s cross-appeals the district court’s award of attorneys’ fees to Archives. We affirm the district court in all respects.
1. The jury’s verdict and award of actual damages against Julien’s is supported by the evidence. Landes Constr. Co. v. Royal Bank of Can., 833 F.2d 1365, 1372 (9th Cir.1987). Given the record, the district court did not err in concluding that the evidence provides a “ ‘reasonable basis’ *247 for the jury’s verdict.” Molski v. M.J. Cable, Inc., 481 F.3d 724, 729-30 (9th Cir.2007) (citations omitted); Alford v. Haner, 446 F.3d 935, 936 (9th Cir.2006) (“[W]e can reverse such a denial only if the district court makes a legal error in applying the standard for a new trial or the record contains no evidence that can support the verdict.”). Archives has not adequately briefed the issue of whether there is sufficient evidence supporting the verdict apportioning 100% of Julien’s gross revenue to factors other than the use of Archives’ images. Therefore, Archives has waived this issue on appeal. See James River Ins. Co. v. Hebert Schenk, P.C., 523 F.3d 915, 920 (9th Cir.2008) (refusing to consider an issue that was “inadequately presented” in the opening appeal brief and concluding the issue to be waived) (citation omitted).
2. Reviewing the record, we conclude that there is not an “absolute absence of evidence to support the jury’s verdict” of no damages against Barclay. Molski, 481 F.3d at 729-30 (citations omitted); Landes Constr. Co., 833 F.2d at 1372.
3. Contrary to Archives’ assertion, the district court did not err in construing its own partial summary judgment order, which found Barclay liable for infringement of only one of Archives’ copyrights. The order did not reach the issue of Barclay’s vicarious infringement, which was expressly reserved for the jury.
4. Archives failed to make a specific, contemporaneous objection to the admission of statements regarding Julien’s financial vulnerability, and has therefore waived this issue. Fed.R.Evid. 103(a) & (d); Jerden v. Amstutz, 430 F.3d 1231, 1237 (9th Cir.2005) (failure to raise timely objection waives the issue). We find no circumstances necessitating our review of this issue on appeal. Allen v. Ornoski, 435 F.3d 946, 960 (9th Cir.2006).
5. Testimony about phone calls between Joshua Greene and Julien’s (concerning the Archives’ request that Julien’s pay a license fee and Julien’s willingness to negotiate such a fee) did not amount to evidence of prior settlement negotiations, but in any event was properly admitted to show an absence of bad faith (refuting Archives’ claim that Julien’s had willfully infringed the copyrights). Fed.R.Evid. 408 Advisory Committee’s Note (2006) (evidence of settlement negotiations may be admissible for other purposes, including to demonstrate notice, knowledge, or bad faith). Archives has not demonstrated prejudice concerning the subsequent testimony that Archives demanded a licensing fee of $500 per image where the court sustained Archives’ immediate objection, granted its motion to strike, and gave a significant curative instruction. See Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1270-71 (9th Cir.2000) (“There is a strong presumption that the curative instructions given by the district court were followed by the jury.”).
6. It was not error to permit Laura Wooley’s lay opinion testimony regarding her valuation of auction items, which was part of her regular job duties. Such testimony was based on her personal knowledge and would be helpful to the jury. See Fed.R.Evid. 701; Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1192 (9th Cir.2005). It was also not error to allow Wooley to testify regarding the chart she prepared, which summarized business records already in evidence. See Fed.R.Evid. 1006; Frank Music Coup. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 n. 9 (9th Cir.1985) (not an abuse of discretion to admit a summary chart based on admitted evidence).
7. Archives’ cursory argument regarding the admission of certain exhibits is *248 waived, because Archives failed to adequately brief the issue. See James River Ins. Co., 523 F.3d at 920.
8. Archives did not object (on hearsay grounds) to the testimony regarding the availability of Marilyn Monroe images on various Internet sites. Accordingly, we deem this issue waived and decline to address it. Morgan v. Woessner, 997 F.2d 1244, 1260 n. 18 (9th Cir.1993) (“[A] party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the wrong specific objection.”) (citation omitted).
9. Archives’ argument regarding Jury Instruction 3A is conclusory and not adequately briefed. Thus, this issue is waived. James River Ins. Co., 523 F.3d at 920.
10. Instruction 3E and Special Verdict Questions 2C and 5C are proper statements of the law regarding gross revenues and deductible expenses, Frank Music Corp., 772 F.2d at 516, and, read as a whole, “fairly and adequately cover the issues presented, correctly state the law, and are not misleading.” Duran v. City of Maywood, 221 F.3d 1127, 1130 (9th Cir.2000).
11. The district court did not err in refusing Instruction 3F, because, in the context of copyright infringement, “ ‘willful’ refers to conduct that occurs ‘with knowledge that the defendant’s conduct constitutes copyright infringement.” Danjaq LLC v. Sony Corp., 263 F.3d 942, 957 (9th Cir.2001) (citation omitted). See also 9th Cir. Model Civ. Jury Instr. 17.27.
12. We review Instruction 3G for plain error, because Archives failed to properly object at trial. Fed. R. Civ. Proc. 51(d). Under any standard of review, however, we conclude that the instruction clearly and correctly stated the law. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 931 n. 9, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) (“[V]i-carious liability theory ... allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer.”). The district court also properly instructed the jury that “direct profit” required direct financial (monetary) benefit. See Perfect 10, Inc. v. Amazon.com, 508 F.3d 1146, 1173-75 (9th Cir.2007) (“[T]o succeed in imposing vicarious liability, a plaintiff must establish that the defendant ... derives a direct financial benefit from the direct infringement.”).
13. The district court acted within its discretion to reconsider its prior in limine discovery ruling without a hearing and additional briefing. See Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 832 n. 6 (9th Cir.2003) (district court has discretion to dispense with oral argument in ruling on a motion) (citations omitted). We need not reach Archives’ due process argument, because it failed to raise the issue before the district court, and Archives has not alleged a change in the law or shown any exceptional circumstances that would justify our review. See Allen, 435 F.3d at 960.
14. The district court did not abuse its discretion in reducing the amount of attorneys’ fees levied against Julien’s and awarded to Archives. The district court considered the proper factors, Wall Data Inc. v. Los Angeles County Sheriff’s Dept., 447 F.3d 769, 787 (9th Cir.2006); made detailed findings; and sufficiently explained its reasoning in awarding fees, Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir.2008). The court’s findings of fact do not show bias against Archives and are not clearly erroneous. See Lummi Indian Tribe v. Oltman, 720 F.2d 1124, 1125 (9th Cir.1983) (factual findings reviewed for clear error).
*249 15. The court’s finding that Barclay is a “prevailing party” is not clearly erroneous. Park, ex rel. Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1034 (9th Cir.2006) (citations omitted). The court applied the correct legal principles and considered the relevant factors in concluding that an award of fees to Barclay was reasonable. Wall Data Inc., 447 F.3d at 787. Nothing in the district court’s analysis shows a “clear error of judgment.” Smith v. Jackson, 84 F.3d 1213, 1221 (9th Cir.1996) (citation omitted).
16. Archives did not specifically appeal the district court’s order denying the permanent injunction in its January 3, 2008 notice of appeal. Even if we construe Archives’ notice of appeal to include the denial of the injunction, Le v. Astrue, 558 F.3d 1019, 1022-23 (9th Cir.2009), the notice was filed almost 180 days after the order denying the injunction, making any appeal of that order untimely. Fed.R.App. P. 4(a)(1)(A).
17. Given the district court’s detailed analysis and the fact that it considered the relevant factors in assessing the reasonableness of the attorneys’ fee awards, we cannot conclude that the district court abused its discretion. Although Archives technically prevailed against Julien’s, we acknowledge that Archives’ limited success (essentially nominal damages) would have supported an award of no fees (or significantly lower fees). See Farrar v. Hobby, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (“In some circumstances, even a plaintiff who formally ‘prevails’ ... should receive no attorney’s fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.”). “[Ajttorney’s fees may be properly denied where the plaintiffs success on a legal claim can be characterized as purely technical or de minimis.” Park, 464 F.3d at 1036 (alteration, citations and internal quotation marks omitted). Such is the case here. However, when awarding attorneys’ fees under the Copyright Act, “district courts are given wide latitude to exercise ‘equitable discretion.’ ” Entm’t Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1229 (9th Cir.1997) (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)). Although an award of attorneys’ fees that is ten times the amount recovered in damages seems unreasonable under the circumstances of this case, the district court knows the history of the litigation, has observed the conduct of the parties throughout, and is in a better position to weigh the equitable factors. Here, the district court correctly identified the relevant factors, Wall Data Inc., 447 F.3d at 787, and considered “the most critical factor[:] the degree of success obtained.” See Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (vacating and remanding a fee award where the district court failed to “properly consider the relationship between the extent of success and the amount of the fee award”). Given the district court’s analysis, we cannot say that we have a “definite and firm conviction that the [district court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.” Smith, 84 F.3d at 1221 (citation omitted).
18. We decline to award attorney’s fees on appeal pursuant to 17 U.S.C. § 505.
19. Other costs on appeal shall be awarded to Appellees Julien’s and Barclay.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.