**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY MANFRED, an individual, | No. 08-55911 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-06208-GPS-JC |
| v. | |
| SUPERSTATION, INC., a Georgia corporation, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Superstation appeals the district court's denial of its motion for a new trial.

We review for abuse of discretion, *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th

Cir. 2003), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

At the threshold, Manfred argues that Superstation waived its right to appeal because Superstation failed to move for judgment as a matter of law at the close of all evidence under Federal Rule of Civil Procedure 50(a). A litigant who files a Federal Rule of Civil Procedure 59 motion for new trial, however, is not required to file a Rule 50(a) motion first. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 765 (9th Cir. 2003). Consequently, Superstation's failure to move for judgment as a matter of law under Rule 50(a) does not preclude this appeal.

A district court abuses its discretion when it denies a motion for a new trial arguing that the verdict was against the clear weight of the evidence only if: (1) the district court erred in applying the standard for a new trial, or (2) the record contains no evidence that supports the verdict. *Alford v. Haner*, 446 F.3d 935, 936 (9th Cir. 2006) (order).

Superstation argues that the district court abused its discretion by erring in applying the standard for a new trial. Specifically, Superstation argues, that by deferring to the jury's evaluation of Dr. Aflatoon's testimony, the district court demonstrated that: (1) it believed it lacked the power to grant a new trial; and (2) it effectively refused to re-weigh the evidence as a whole. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987). We disagree.

2

The district court acknowledged its power to grant a new trial by accurately referencing the clear weight of the evidence standard and by exercising its discretion to decide whether to grant a new trial. Likewise, the district court's conclusions regarding the weight of the evidence give rise to the inference that the district court understood that it had the power to weigh the evidence.

Superstation also misunderstands how the clear weight of the evidence standard functions. While the district court reviews the record as a whole to ensure that the verdict is not against the clear weight of the evidence, the district court may not second guess how the jury weighed specific testimony. *Union Oil Co. of Cal. v. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003).

Finally, the record contains evidence that supports the verdict. The record shows that a Superstation van pinned Manfred against her truck and that Manfred was subsequently diagnosed with and treated for a herniated disk. Additionally, Dr. Aflatoon testified as a medical expert that the accident caused the herniated disc.

For theses reasons, we conclude that the district court did not abuse its discretion. **AFFIRMED.**