**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADAM BROOKS,

Plaintiff-Appellant,

v.

CITY OF HENDERSON; JUTTA
CHAMBERS, Chief; JOSEPH W. EBERT,
Officer; JAMES WHITE, Chief,

Defendants-Appellees.

No.   17-15754

D.C. No.
2:14-cv-00374-GMN-GWF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted June 11, 2018**
San Francisco, California

Before:  SCHROEDER, GOULD, and DIAZ,*** Circuit Judges.

Adam Brooks appeals from the district court's order granting qualified

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Albert Diaz, United States Circuit Judge for the U.S.
Court of Appeals for the Fourth Circuit, sitting by designation.

immunity to Officer Joseph Ebert on Brooks's 42 U.S.C. § 1983 claim for wrongful arrest in violation of the Fourth Amendment. We affirm.

Where an arrest is made after issuance of a warrant, an officer is entitled to qualified immunity unless "a reasonably well-trained officer in [that officer's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986); *see also Messerschmidt v. Millender*, 565 U.S. 535, 546–48 (2012). The United States Supreme Court has held: "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Malley*, 475 U.S. at 344–45 (citation omitted).

On its face the warrant here provided probable cause to arrest Brooks for impersonating a police officer: It averred that two people remembered Brooks saying that he was an officer and one of those witnesses remembered him saying he was a police officer; one of them also stated that Brooks threatened to report him to his sergeant, which would imply he was an officer; and Brooks claimed that he had authority to shut the restaurant down, which also might be taken to mean he was an officer. *See Alford v. Haner*, 446 F.3d 935, 937 (9th Cir. 2006). That there was a potential inconsistency in the stories of two of the witnesses does not render unreasonable the official belief that there was probable cause. Probable cause does

2

not mean certainty of cause. The evidence showing probable cause need only support "the probability, and not a prima facie showing, of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 235 (1983) (citation omitted).

Brooks contends that there are reasons to doubt the veracity of a key witness because that witness had allegedly lied to Brooks and because the witness later said that he was unsure of exactly what had occurred. But there is no allegation that Officer Ebert was aware of these alleged indicia of unreliability when Ebert submitted the affidavit for a warrant, and so those events are not relevant to whether Brooks reasonably believed that there was probable cause. *See Malley*, 475 U.S. at 345.

Brooks argues that Officer Ebert had a motive to lie or arrest him wrongfully because there was political pressure on Officer Ebert to arrest Brooks. But "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause . . . . That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). So even if Brooks was arrested for subjectively political reasons, that would not affect whether or not Officer Ebert was entitled to qualified immunity, so long as it was objectively reasonable to think that there was probable cause to believe Brooks committed a crime. *See id.* And here there is no evidence from which a

reasonable jury could conclude that Officer Ebert lied.

Finally, Brooks argues that Officer Ebert conducted a deficient investigation. Brooks contends that Officer Ebert should have sought and conducted more in-depth interviews with the witnesses who were interviewed and should have sought out additional potential witnesses. That contention entirely misses the mark. Once probable cause is established, an officer is not required to continue his or her investigation to gain more information or to rule out any possible defense. *See Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003). Because it was reasonable for Officer Ebert to believe that the evidence he had obtained established probable cause, it was also reasonable for him to seek a warrant without conducting further investigation. *See id.* We hold that Officer Ebert is entitled to qualified immunity.

**AFFIRMED.**