**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ROMAN; et al., | No. 19-55896 |
| Plaintiffs-Appellants, | D.C. No. 5:17-cv-02066-JGB-SP |
| v. | |
| MSL CAPITAL, LLC, DBA Casa Buena Casa Lynnda; LI RITCHEY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted September 3, 2020**
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and EZRA,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

William Roman, Desiree Acosta, Diego Sandoval, Renee Sandoval, and Catherine Perez, along with certain minor children (collectively, the families), appeal the district court's judgment denying their motion for a new trial and motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion in denying the families' motion for a new trial. *See Alford v. Haner*, 446 F.3d 935, 936 (9th Cir. 2006). Given the jury's conclusion that the families suffered no actual damages from the inclusion of the new adult supervision provision in the lease, there was a reasonable basis for the jury's verdict on the Unruh Act claim, and it was not contrary to the clear weight of the evidence. *See United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999). Accordingly, the district court did not err in denying the families' motion for a new trial. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Because the families failed to make a timely objection to the district court's Unruh Act jury instruction, the court did not err in holding that the families forfeited the argument that the court gave an erroneous instruction. Fed. R. Civ. P. 51(b)–(c); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1030 (9th Cir. 2003).

The district court did not abuse its discretion in denying the families' motion for attorneys' fees. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). The district court applied the correct legal rule by considering "[t]he difference between the amount recovered and the damages sought . . . the significance of the legal issues on which the [families] . . . prevailed . . . [and] whether the [families] accomplished some public goal." *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010) (citation omitted). The court's factual finding that the families' victories related to "largely insignificant" legal issues based on "technical, per se violations" of housing laws was plausible and supported by facts in the record. The district court's finding that the families did not advance any public goal was also supported by record evidence that Ritchey had "voluntarily remedied" any violations "years ago." Because the families obtained only nominal damages and did not achieve other meaningful legal or public goals, *Thomas v. City of Tacoma*, which applies when a prevailing party is awarded more than nominal damages, is inapplicable. *See* 410 F.3d 644, 648 (9th Cir. 2005).

**AFFIRMED**