**Patricia J. BARRY; Charlene Karr, Plaintiffs–Appellants,**

v.

**Gary FOWLER, Defendant–Appellee.**

**Nos. 88–6343, 88–6463.**

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 1990 *.

Decided May 10, 1990.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Patricia J. Barry, Lomita, Cal., in pro per.

Emily J. Andersen, Breidenbach, Swainston, Crispo & Way, Los Angeles, Cal., for defendant-appellee.

Before HUG, SCHROEDER and HALL, Circuit Judges.

HUG, Circuit Judge:

### I.

This case arises out of a dispute which occurred in 1982 between Patricia Barry ("Barry"), an attorney representing herself in this appeal, and Gary Fowler ("Fowler"), a California Highway Patrol Officer.

Barry filed a 42 U.S.C. § 1983 action against Fowler alleging violation of her Fourth Amendment rights.[1] The district court granted Fowler's motion for a directed verdict.[2] The court also awarded Fowler costs and attorneys' fees. This appeal followed. We affirm in part and reverse in part.

### II.

Barry's action arises out of an incident between Barry and Fowler, which occurred when Barry called the California Highway Patrol to complain that a man had parked his car illegally on her parents' property. While waiting for the officer to arrive,

---

1. Charlene Karr joined Barry in the district court action, but has opted out of this appeal. The only claims before us involve Barry.

2. Because this was a jury trial, Fowler's motion for nonsuit pursuant to Fed.R.Civ.P. 41(b) is more properly deemed a directed verdict pursuant to Fed.R.Civ.P. 50(a).

Barry told a friend's son to paste a "no trespassing" sign to the car's windshield. When Fowler arrived to investigate the complaint, he and Barry argued. Fowler then arrested Barry for vehicle tampering and public drunkenness. The drunkenness charge was dropped before trial, but Barry was convicted by a jury of vehicle tampering.

After extensive litigation involving parties and claims not relevant to this appeal, Barry brought a 42 U.S.C. § 1983 action against Fowler. Barry maintains that Fowler violated her Fourth Amendment rights by falsely arresting her for auto tampering and public drunkenness.[3]

Barry presented her case to a jury. The district court granted Fowler's motion for directed verdict.

## III.

To state a cause of action under section 1983, Barry must show that (1) Fowler acted under color of state law; and (2) Fowler deprived her of rights secured by the Constitution or federal law. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir.1988). There is no dispute that Fowler was acting under color of state law when he arrested Barry. However, in order to prevail Barry must also prove deprivation of a federal constitutional or federal statutory right. This she has not done.

■ Barry maintains that her misdemeanor arrest for auto tampering violated her Fourth Amendment rights because the tampering was not done in Fowler's presence. Under California law, an officer may make a warrantless misdemeanor arrest only if he has reasonable cause to believe that a person has committed a misdemeanor in his presence. Cal.Penal Code § 836, subd. 1 (West 1985). Relying on the expansive definition of presence under California law, the district court found Fowler was present when Barry tampered with the car. While we agree that directed verdict was proper in this case, we do not believe that Fowler's presence when the misdemeanor was committed is relevant to Barry's constitutional claim.[4]

■ The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S. Const. amend. IV. The "reasonableness" and hence constitutionality of a warrantless arrest is determined by the existence of probable cause. *See, e.g., United States v. Hoyos*, 892 F.2d 1387, 1392 (9th Cir.1989). The requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment. *See Street v. Surdyka*, 492 F.2d 368, 371–72 (4th Cir.1974) (cited in *Welsh v. Wisconsin*, 466 U.S. 740, 756, 104 S.Ct. 2091, 2101, 80 L.Ed.2d 732 (J. White dissenting) (1984)). *See also Clark v. Link*, 855 F.2d 156, 161–63 (4th Cir.1988) (holding that section 1983 actions based on violation of the Fourth Amendment may not rest on violation of state law); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1349 (7th Cir.1985) (violation of state statute does not give rise to section 1983 action); *Wagner v. Higgins*, 754 F.2d 186, 190–91 (6th Cir.1985) (search violating state constitution does not state a cause of action under section 1983).

■ Thus, the vitality of Barry's section 1983 action is not dependent on whether Fowler was present when Barry committed the misdemeanor. Rather, the crucial inquiry is whether Fowler had probable cause to make the arrest. *See McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir.1984).

Probable cause is generally a question for the jury. *McKenzie*, 738 F.2d at 1008.

---

3. In certain circumstances, police officers are entitled to qualified immunity for deprivation of an individual's civil rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). However, qualified immunity is "an affirmative defense that must be pleaded by a defendant official." *Evans v. McKay*, 869 F.2d 1341, 1348 n. 8 (9th Cir.1989). Neither party has raised this issue on appeal.

We assume, therefore, that Fowler has waived the defense.

4. It is well settled that an appellate court may affirm the district court on any basis fairly supported by the record. *Swenson v. United States Postal Serv.*, 890 F.2d 1075, 1077 n. 1 (9th Cir.1989).

However, a directed verdict is proper if no reasonable jury could determine that the officer did not have probable cause to arrest. *Kennedy v. Los Angeles Police Dept.*, 887 F.2d 920, 923 (9th Cir.1989).

Probable cause for a warrantless arrest arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe "that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979).

Here, the circumstances surrounding Barry's arrest support Fowler's determination that Barry had committed a crime. California law prohibits a person "individually or in association with one or more other persons, [from] willfully injur[ing] or tamper[ing] with any vehicle...." Cal.Vehicle Code § 10852 (West 1987). When Fowler arrived at the scene, Barry admitted directing a friend's son to paste a sign to a car's windshield. Thus, Fowler had probable cause to arrest Barry for auto tampering.

The critical inquiry in a section 1983 action "is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Barry has failed to make this requisite showing. While Barry may have a remedy under state law, she has failed to allege a federal constitutional or federal statutory violation. Because no reasonable jury could find in her favor, directed verdict was proper.[5]

### IV.

█ Barry also challenges the district court's award of costs and attorneys' fees.

A prevailing party is entitled to costs unless the court rules otherwise. Fed.R. Civ.P. 54(d). "Whether or not to award costs is a decision made by the trial judge and 'his decision will not be overturned unless he has abused his discretion.'" *Trans. Container Serv. v. Sec. Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir.1985) (citation omitted). The district court did not abuse its discretion when it awarded Fowler costs.

Awards of attorneys' fees are also reviewed for abuse of discretion. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). A defendant in a civil rights case may recover attorneys' fees only if the plaintiff's action was "frivolous, unreasonable or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (citations omitted). Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances. *See Mitchell v. Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir.1986), *cert. denied*, 484 U.S. 858, 108 S.Ct. 168, 98 L.Ed.2d 122 (1987). Although Barry did not prevail on her civil rights claim, we cannot conclude that her action was frivolous. We therefore reverse the district court judgment awarding attorneys' fees against Barry.

AFFIRMED IN PART and REVERSED IN PART.

---

5. Barry also alleges that Fowler lacked probable cause to arrest her for public drunkenness. We need not address this contention. Barry was arrested only once, albeit for two different crimes. We have already determined that Fowler had probable cause to arrest Barry for auto tampering. Therefore, Barry's single "seizure" was not unconstitutional, even if Fowler lacked probable cause to arrest her for public drunkenness.