**Lyle ABRAMOWITZ, Plaintiff–Appellant,**

v.

**CITY OF LONG BEACH; Don Reynolds, Long Beach Police Officer; David Corcoran, Long Beach Police Officer, Defendants–Appellees.**

No. 00–55176.

D.C. No. CV–99–04690–CM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 19, 2001.

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM *

Lyle Abramowitz appeals the district court's grant of summary judgment in favor of the City of Long Beach and two of its police officers in his suit under 42 U.S.C. § 1983. Although Abramowitz framed his alleged constitutional deprivations in terms of due process, the validity of his arrest must be analyzed under Fourth Amendment standards. *Picray v. Sealock,* 138 F.3d 767, 770 (9th Cir.1998). Because no reasonable jury could find that the officers did not have probable cause to

**584**

arrest Abramowitz for the offense charged, we affirm the district court on the merits. *McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir.1984). In so doing, we reject Abramowitz's contention that the officers' alleged violation of state law in connection with his arrest directs a contrary result. In an action brought under § 1983, "state law governing an arrest is irrelevant to determining whether the arrest deprived an individual of rights secured by the federal constitution or a federal statute." *United States v. Mota,* 982 F.2d 1384, 1387 (9th Cir.1993) (*citing Barry v. Fowler,* 902 F.2d 770, 772 (9th Cir.1990)).

Because we find that no constitutional violation occurred, we affirm the district court's grant of summary judgment to the City of Long Beach on the *Monell* claim. *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994).

AFFIRMED

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.