**Franklin L. SEXTON, Plaintiff–Appellant,**

v.

**CHINO VALLEY INDEPENDENT FIRE DISTRICT; Ray O. Shackelford, as an individual and in his official capacity as District Fire Chief; Al Gramms, as an individual and in his official capacity as District Fire Chief; Southern California Risk Management Associates, Inc., a California corporation and public entity insurance carrier, Defendants–Appellees.**

**Franklin L. Sexton, Plaintiff–Appellee,**

v.

**Chino Valley Independent Fire District; Al Gramms, as an individual and in his official capacity as District Fire Chief, Defendants–Appellants.**

No. 99–56825, 00–55128.

D.C. No. CV–95–00534–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2001.

Decided March 27, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM [1]

Sexton appeals the district court's grant of summary judgment on his claims and Defendants cross-appeal the district court's denial of attorneys fees. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

■ 1. The district court properly granted summary judgment on Sexton's claim under 42 U.S.C. § 1983 that the Defendants intended to deprive Sexton of his First Amendment right to petition the government by retaliating against him for his prior assertion of claims. A public employee's litigation must involve a matter of public concern in order to be protected by the Petition Clause. *Rendish v. City of Tacoma,* 123 F.3d 1216, 1220 (9th Cir. 1997). Sexton's prior litigation only involved his individual personnel disputes and grievances; it did not involve matters of public concern. Thus, his § 1983 claim is not legally viable. *Roe v. City & County of San Francisco,* 109 F.3d 578, 585 (9th Cir.1997). Absent an underlying constitutional violation, Sexton's § 1983 claims for malicious prosecution and abuse of process also fail. *Albright v. Oliver,* 510 U.S. 266, 270–71, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

■ 2. Sexton's claim under 43 U.S.C. § 1985(2) fails because he failed to tender sufficient evidence of an agreement or meeting of the minds by the Defendants to violate his constitutional rights. *Caldeira v. County of Kauai,* 866 F.2d 1175, 1181 (9th Cir.1989). Given our resolution of this cause of action on this basis, we need not reach the viability of a claim of intra-governmental conspiracy under § 1985(2).

■ 3. The district court correctly granted summary judgment on Sexton's substantive due process claim because the undisputed evidence shows that any deprivation of an ability to pursue his occupation was temporary. *Cf. Wedges/Ledges of California, Inc. v. City of Phoenix,* 24 F.3d 56, 65 (9th Cir.1994).

■ 4. The doctrine of *res judicata* bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action, if the prior suit concluded in a final judgment on the merits." *Ross v. Int'l Bhd. of Elec.*

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Workers,* 634 F.2d 453, 457 (9th Cir.1980). By his settlement of all claims in his first lawsuit, which was entered as a judgment in that case, Sexton is precluded from asserting claims that he alleged or could have alleged in his prior lawsuit. Thus, his renewed claim for reinstatement was properly dismissed by the district court.

■ 5. Assuming, *arguendo,* that Sexton had a protectable property interest in his position as an engineer, he was not denied his right of procedural due process. He was not entitled to a pre-deprivation hearing before being placed on disability because of the significant public safety interest in ensuring that active fire-fighters would be able to perform rigorous activity under stressful conditions. *Cf. Barry v. Barchi,* 443 U.S. 55, 64–65, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). In the unique context of this case, the remedies afforded by the California Workers' Compensation system were adequate for Sexton to challenge his employer's decision to place him on disability status. However, rather than contesting his disability before the California Workers' Compensation Appeals Board, he accepted the benefits of the system. Having failed to pursue those remedies, he is precluded from doing so here. *Bignall v. North Idaho College,* 538 F.2d 243, 247 (9th Cir.1976).

■ 6. Exceptional circumstances are required before defendants are allowed recovery of attorneys' fees in civil rights cases. *Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir.1990). The district court found that Sexton's claims were not frivolous, vexatious or harassing. These findings were not clearly erroneous, and the district court did not abuse its discretion in denying Defendants' motion for attorneys' fees.

7. Defendants are awarded costs on appeal.

AFFIRMED.