Glenn QUANTZ, Plaintiff—Appellant,

v.

Gary EDWARDS; Neil McClanahan; Ray Hansen; Dan Kimball; Brad Watkins; Paul Counts; Thurston County; William "Bill" Kenny, Defendants—Appellees.

No. 06–35303.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Jan. 18, 2008.

J.D. Smith, Esq., Gordon Thomas Honeywell Malanca Peterson & Daheim, Seattle, WA, David C. Reed, Esq., Law Offices of David Reed, Lake Forest Park, WA, for Plaintiff–Appellant.

W. Dale Kamerrer, Esq., Law Lyman Daniel Kamerrer, et al., Olympia, WA, Mary Colleen Kinerk, Esq., Steven F. Kerr, Esq., Cable Langenback Kinerk & Bauer, Seattle, WA, for Defendants–Appellees.

Before: REINHARDT and PAEZ, Circuit Judges, and STROM,* District Judge.

MEMORANDUM **

I.

1. Investigation

■ With respect to Quantz's claim regarding the investigation of his prior conduct, we affirm the district court's summary judgment and judgment notwithstanding the verdict. Even when considered in combination with Edwards's public statement that Quantz was under investigation, neither the investigation nor its delay constituted an adverse employment action because it was not "reasonably likely to deter employees" from running for office against an incum-

bent Sheriff. *See Coszalter v. City of Salem,* 320 F.3d 968, 970 (9th Cir.2003). As the district court noted, the announcement was at most "a dirty campaign trick." Neither act rises to the level of a constitutional violation.

2. Transfer

■ Because there is no evidence contradicting the district court's summary judgment finding for Kenny and Edwards with respect to Quantz's transfer, on the basis that he failed to show that they were involved in the transfer decision, and there is no *respondeat superior* liability under section 1983, we affirm the grant of summary judgment. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gilbrook v. City of Westminster,* 177 F.3d 839, 854 (9th Cir. 1999); *Harris v. Roderick,* 126 F.3d 1189, 1196 (9th Cir.1997); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

■ As to the district court's pre-verdict judgment in favor of Kimball, to reach a jury Quantz must introduce evidence that 1) he engaged in protected speech; 2) Kimball took "adverse employment action"; and 3) his speech was a "substantial or motivating" factor for the adverse employment action. *Coszalter,* 320 F.3d at 973.

All parties agree that the speech related to Quantz's campaign is protected speech. *See Pickering v. Bd. of Educ.,* 391 U.S. 563, 574, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Brewster v. Bd. of Educ.,* 149 F.3d 971, 978 (9th Cir.1998).

Viewing the evidence in the light most favorable to Quantz, we conclude that Kimball was one of the main decision makers

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

who transferred Quantz, and that the transfer was an adverse employment action because Kimball knew that Quantz strongly disliked working in the SOR Unit. A transfer of job duties alone can constitute an adverse employment action as long as it is reasonably likely to deter employees from engaging in protected activity. *Ray v. Henderson,* 217 F.3d 1234, 1241, 1243 (9th Cir.2000); *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987).

Kimball offered a number of seemingly legitimate reasons for transferring Quantz soon after the election, but Quantz proffered evidence that the decision to transfer him was made just two months after the election, that Kimball was an ardent supporter of Edwards during the election, and that Kimball knew that Quantz did not want to work in the SOR Unit. We have held that a gap of as much as 11 months between protected speech and an adverse employment action can support an inference of retaliation. *See Coszalter,* 320 F.3d at 977–78. "As with proof of motive in other contexts, this element of a First Amendment retaliation suit may be met with either direct or circumstantial evidence ... and involves questions of fact that normally should be left for trial." *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 979 (9th Cir.2002).

If the jury had found that Kimball violated Quantz's First Amendment rights, Kimball would not be entitled to qualified immunity because it was well established at the time that retaliating against an employee for engaging in protected speech by transferring him to an undesirable job was unconstitutional. *See Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Ray,* 217 F.3d at 1241, 1243; *Yartzoff,* 809 F.2d at 1376.

Because motive is a question that should ordinarily be determined by the factfinder, and Kimball was not entitled to qualified immunity if the jury found Quantz's allegations to be meritorious, we reverse the district court's pre-verdict judgment as a matter of law, and remand for a retrial on this claim against Kimball.

### 3. Threat of Discharge

■ The district court properly granted summary judgment for Kenny and Edwards on Quantz's claim that they violated his First Amendment rights when Kimball ordered him not to respond to a reporter's inquiry about the job transfer and threatened him with discharge if he disobeyed. There is no evidence that either of them participated in Kimball's action.

■ The district judge also granted a pre-judgment verdict for Kimball on this claim as a matter of law. He concluded that the office policy prohibited employee contact with the press. We doubt that the policy would have prohibited Quantz from responding to the inquiry regarding his allegedly unlawful transfer or authorized a threat to discharge him. To the extent that it did, however, it would have violated the First Amendment. Either way, the discriminatory treatment of challengers to the incumbent Sheriff had already become a matter of public concern, and disharmony related to that concern already existed. Under these circumstances, Quantz's right to speak to the press about the election and the discrimination that allegedly followed was clearly established. *Cf. Voigt v. Savell,* 70 F.3d 1552, 1560 (9th Cir.1995); *McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir.1983). We therefore reverse the district court's pre-judgment verdict in favor of Kimball and remand for a retrial on this claim.

### II.

■ We affirm the district court's dismissal of Quantz's claims that Edwards,

Kimball, Ray Hansen, and Neil McClanahan violated his equal protection rights by prohibiting him from speaking to the press regarding his transfer, because, inter alia, there is no evidence that other employees were given more leeway in this regard. *See Church of Scientology v. C.I.R.*, 823 F.2d 1310, 1320–21 (9th Cir.1987).

### III.

■ We reject Quantz's constitutional claims against the County because he has proffered no evidence that he was transferred pursuant to a county policy or a "longstanding practice or custom." Similarly, Kimball's threat to discharge Quantz if he spoke to the press was not so authorized. Quantz has not shown that Kimball was a final policy maker for Thurston County, that any final policy maker was involved in his actions, or that any final policy maker acted with deliberate indifference to Kimball's alleged violations. *See Christie v. Iopa*, 176 F.3d 1231 (9th Cir.1999).

### IV.

We hold that none of the district court's exclusions or limitations on testimony or other evidence prejudiced Quantz, and therefore decline to reverse its evidentiary decisions. *See McEuin v. Crown Equipment Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir.2001).

### V.

A prevailing party is entitled to costs unless the court rules otherwise. Fed. R.Civ.P. 54(d). *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990). We hold that the district court did not abuse its discretion when it awarded defendants' costs.

■ A district court's imposition of sanctions under 42 U.S.C. § 1988 and 28 U.S.C. § 1927 is reviewed for abuse of discretion. *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir.2003). "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry*, 902 F.2d at 773. *See* 42 U.S.C. § 1988. Sanctions under 28 U.S.C. § 1927 may be imposed only if the proceedings were multiplied in bad faith. *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir.1996). Although Quantz did not prevail on his claim against Kenny, we cannot conclude that his action was frivolous, or that his attorney multiplied proceedings unreasonably and vexatiously. We therefore reverse the district court judgment awarding $7,408.00 in attorneys fees against Quantz's attorney.

■ The district court also imposed sanctions for the mistrial under General Rule 3(d) of the U.S. District Court for the Western District of Washington. This court has held that sanctions are valid only insofar as they are imposed for "bad faith actions or willful disobedience of court orders or rules." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir.1989). *See also Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir.2001). We are not persuaded that Quantz's attorney's errors at the first trial were made in bad faith, or that his statements were made in willful disregard of the district court's orders. We therefore reverse the district court judgment awarding $7,192.00 in fees against Quantz's attorney.

\* \* \*

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** in part. The parties shall bear their own costs on appeal.