**Rafael GONZALEZ, Plaintiff–Appellant,**

v.

**CITY OF FEDERAL WAY, a municipal corporation, and S.M. Swanson, Defendants–Appellees.**

**No. 07–35551.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 6, 2008.

John R. Scannell, Esquire, Seattle, WA, for Plaintiff–Appellant.

Robert L. Christie, Esquire, Steven J. Dani, Esquire, Thomas P. Miller, Christie Law Group, PLLC, Seattle, WA, Patricia Richardson, Jennifer Elizabeth Snell, Esquire, City of Federal Way, Federal Way, WA, for Defendants–Appellees.

Before: RYMER and FISHER, Circuit Judges, and HURLEY,* Senior District Judge.

### MEMORANDUM **

Rafael Gonzalez ("Gonzalez") appeals from the district court's grant of summary judgment in favor of the City of Federal Way ("City") and S.M. Swanson ("Swanson") on his claims pursuant to 42 U.S.C. § 1983 for alleged constitutional violations and related state-based torts arising out of

---

* The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his arrest by Swanson for soliciting a prostitute. We affirm.

The district court correctly granted summary judgment in favor of Swanson on the ground of qualified immunity because the facts alleged, viewed in the light most favorable to Gonzalez, do not show a violation of a federally protected right. *See Skoog v. County of Clackamas,* 469 F.3d 1221, 1229 (9th Cir.2006).

Addressing first Gonzalez's Fourth Amendment claim, there is no dispute that the traffic stop was for a valid reason, viz. a broken taillight. The lawful stop was not unreasonably prolonged by Swanson's investigation into possible solicitation by Gonzalez during the traffic stop given the attendant temporal and other circumstances. *See United States v. Turvin,* 517 F.3d 1097, 1101–04 (9th Cir.2008). Even if reasonable suspicion were required for this shift in purpose, it was present given (1) it was late at night; (2) Gonzalez's female passenger, Fleming, was unable to produce any identification; (3) Fleming was much younger than Gonzalez; and (4) Gonzalez only knew Fleming's first name. *Cf. United States v. Drake,* 543 F.3d 1080, 1087–88 (9th Cir.2008).

■ Fleming's statement incriminating Gonzalez together with Swanson's above noted observations were sufficient to establish probable cause for Gonzalez's arrest. *See Hart v. Parks,* 450 F.3d 1059, 1071 (9th Cir.2006). Gonzalez lacks standing to assert that Swanson violated Fleming's constitutional rights; as a result, Gonzalez's argument that his arrest ran afoul of the Fourth Amendment as being based on the purported coerced confession from Fleming is unavailing. *See, e.g., Rakas v. Illinois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Alderman v. U.S.,* 394 U.S. 165, 174–75, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369–70 (9th Cir.1998); *Garner v.*

*United States,* 501 F.2d 228, 240 (9th Cir. 1972), *aff'd,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). Similarly, Gonzalez's claim that his misdemeanor arrest for solicitation was unreasonable for Fourth Amendment purposes because the crime was not committed in Swanson's presence as required by state law lacks merit. *Barry v. Fowler,* 902 F.2d 770, 772 (9th Cir. 1990); *see also Virginia v. Moore,* —— U.S. ——, 128 S.Ct. 1598, 1607, 170 L.Ed.2d 559 (2008).

■ The district court properly refused to consider Gonzalez's First Amendment claim as the complaint did not provide fair notice of this claim and it was raised for the first time on the summary judgment motion. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–93 (9th Cir.2000).

■ Although contained in his complaint and addressed by the district court in its decision, Gonzalez did not address his Fourteenth Amendment claim in his appellate brief and it is therefore waived. *Laboa v. Calderon,* 224 F.3d 972, 981 n. 6 (9th Cir.2000).

As there is no constitutional violation, there can be no *Monell* liability and thus the claim against City was also properly dismissed. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Long v. City and County of Honolulu,* 511 F.3d 901, 907 (9th Cir.2007).

■ Finally, the district court did not abuse its discretion in denying the discovery requested by Gonzalez. Taking all of Gonzalez's allegations as true, Swanson did not violate clearly established law when he stopped and ultimately arrested Gonzalez. Swanson, therefore, was entitled to have the issue of qualified immunity determined prior to discovery being conducted, *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (citing *Harlow*

*v. Fitzgerald*, 457 U.S. 800, 816–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)), particularly since Gonzalez failed to demonstrate that the information sought was likely to lead to the discovery of material information, *cf. Jones v. Blanas*, 393 F.3d 918, 930–31 (9th Cir.2004).

**AFFIRMED.**