**Vernon K. SMITH, Plaintiff—Appellant,**

v.

**GARDEN CITY, IDAHO; Jim Bensley, Chief of Police; Angela Lythgoe, Police Officer; John and Jane Does, I through X, Defendants—Appellees.**

No. 08–35323.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2009.*

Filed June 4, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vernon K. Smith, Boise, ID, pro se.

Michael John Kane, Michael Kane & Associates, PLLC, Boise, ID, for Defendants–Appellees.

Before: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

#### MEMORANDUM **

Vernon K. Smith appeals the district court's grant of summary judgment and award of attorneys' fees to defendant-appellees. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■■■ Defendant-appellees' submissions show that Officer Lythgoe reasonably relied on data from her mobile computer terminal showing that Smith's registration had expired, and that any prolongation of the stop was due to Smith's belligerence. The only evidence Smith proffered in support of his claims is an affidavit lodging unfounded accusations and asserting facts outside his personal knowledge. This submission is insufficient to create any genuine issue of material fact. *See S.E.C. v. Phan,* 500 F.3d 895, 909 (9th Cir.2007). We therefore conclude that Officer Lythgoe had reasonable suspicion to stop

** This disposition is not appropriate for publication and is not precedent except as provid-

Smith's vehicle and did not unreasonably prolong the stop. *See United States v. Miguel,* 368 F.3d 1150, 1151–52 (9th Cir. 2004). Smith waived all other claims by failing to adequately present them in his briefs on appeal. *See United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir. 1997).

Because Smith's claims lacked any foundation in fact or law, the district court properly concluded that Smith, a licensed attorney, was unreasonable for bringing this action seeking $1,000,000 in damages for a 20–minute traffic stop, the duration of which was partially caused by Smith's belligerence. We thus conclude that the district court did not abuse its discretion by awarding defendants $5,063.00 in attorney's fees. *See Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir.1990).

**AFFIRMED.**