**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN F. CHAMPAGNE, Jr., <br><br> Plaintiff - Appellant, <br><br> and <br><br> GARY A. CHAMPAGNE, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO; et al., <br><br> Defendants - Appellees. | No. 08-16368 <br><br> D.C. No. 3:06-CV-05425-JSW <br><br> **ORDER** and **MEMORANDUM**[*] |

| | |
|---|---|
| JOHN F. CHAMPAGNE, Jr. and GARY A. CHAMPAGNE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; et al., | No. 08-17180 <br><br> D.C. No. 3:06-cv-05425-JSW |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

JOHN F. CHAMPAGNE, Jr. and GARY A. CHAMPAGNE,

          Plaintiffs - Appellants,

  v.

THE CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; et al.,

          Defendants - Appellees.

No. 08-17503

D.C. No. 3:06-cv-05425-JSW

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued Submitted October 6, 2010
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.[**]

---

    [**]    The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This case is resubmitted as of the date of this memorandum.

Summary judgment was appropriate in this case, as was the denial of sanctions; however, we reverse the award of attorneys' fees.[1]

**Federal Due Process Claim**

Even assuming that Champagne possesses the constitutional right he asserts,[2] he has failed to offer proof that the Defendants violated it. Defendants simply revoked code violation determinations to which Champagne had no entitlement. In addition, the state court had dismissed the cause of action that was based on the alleged code violations before the alleged improprieties took place. After the determinations were revoked, Champagne was in the same position he had been in before the Defendants made them. The district court correctly granted summary judgment on the due process claim.

---

[1] We grant Champagne's February 24, 2009 motion to deem his Reply Brief filed as-is and to take judicial notice of the documents attached thereto.

[2] After arguing that the right he seeks to enforce is the right to *own and manage* his property," Champagne states at one point in his brief that he presented sufficient facts to support his claim that "Defendants' actions improperly interfered with his right to manage his property." At oral argument, Champagne framed his asserted right as the constitutional right "to evict the tenant without fraudulent interference by the city." Because we need not address the constitutional issues in this case, we do not address whether any of these legal theories are viable.

On appeal, Champagne alleges two new constitutional violations. However, "[t]he parties cannot raise new issues on appeal to secure a reversal of the lower court's summary judgment determination." *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 825 (9th Cir. 2000). We do not consider these new claims.

**State Law Claims**

In his opening brief, Champagne states that he has submitted "sufficient evidence supporting each of his state law claims sufficient the [sic] defeat summary judgment." As proof of this proposition, Champagne simply cites to his opposition to summary judgment filed with the district court. He provides no other legal argument in the section entitled "Plaintiff has evidence supporting each of his state law claims." This sentence alone is not sufficient to preserve those claims. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 924 (9th Cir. 1988).

Champagne does challenge the district court's rulings on causation and qualified immunity. The district court relied on at least one additional ground for its grant of summary judgment as to each of the state law claims. Champagne did not challenge those other grounds. Accordingly, Champagne has waived his state law claims. *Id.*

**Discovery**

4

Champagne contends that the district court erred by upholding the magistrate judge's order denying his request to enlarge discovery. However, "[a] district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotations omitted). There is no clear showing of actual and substantial prejudice in this case.

Champagne also contends that the district court erred by denying his request to continue the summary judgment hearing pursuant to Federal Rule of Civil Procedure 56(f). However, the district court did not abuse its discretion in concluding that none of the discovery in question was "essential to justify" Champagne's opposition to the motion for summary judgment. *See* Fed. R. Civ. P. 56(f).

**Attorneys' Fees**

We have repeatedly held that attorneys' fees in civil rights cases may be awarded to a defendant only in "exceptional circumstances." *See, e.g., Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). Attorneys' fees are not appropriate for civil rights plaintiffs "launching a good faith effort to advance a novel theory" as

long as the party's claims are not "wholly without merit." *Legal Services of N. Cal., Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997). At the initial case management conference, the district court acknowledged that this was a "very unusual and fact-intensive case, raising *novel questions of law*." (emphasis added). Thus, at the time the Champagnes brought this case, it did not appear to be frivolous, meritless, or vexatious. Moreover, even if the law or facts "appear questionable or unfavorable at the outset," that does not make the case frivolous, because "[d]ecisive facts may not emerge until discovery or trial." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Here, significant facts did emerge during discovery, although they were not significant enough under the circumstances to change the result. The award of attorneys' fees to the Defendants is reversed.

**Sanctions**

We find no error or abuse of discretion in the district court's denial of Plaintiffs' motion for sanctions upon Defendants for filing the attorneys' fees motion.

**AFFIRMED** in part and **REVERSED** in part.