**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLE SAUNDERS, | No. 11-15134 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-08029-EHC |
| v. | |
| RICHARD SILVA and CONNIE LYNN SILVA, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Argued and Submitted May 15, 2012
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Richard Silva appeals from the district court's order entering judgment against him on Carole Saunders's claim that Silva violated her Fourth Amendment right to be free from unreasonable search and seizure.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court found that Silva seized Saunders when he ordered her to leave church and return to her home. It further found that this seizure was unreasonable because Silva, as a Deputy Animal Control Officer within the Yavapai County Sheriff's Office, lacked the authority to conduct an arrest. Although Silva was not authorized under Arizona law to arrest Saunders, "state restrictions [on arrest authority] do not alter the Fourth Amendment's protections." *Virginia v. Moore*, 553 U.S. 164, 176 (2008). To constitute a Fourth Amendment violation, an arrest by a state officer must be unreasonable under the United States Constitution, rather than simply not in compliance with state laws. *See United States v. Becerra-Garcia*, 397 F.3d 1167, 1174-75 (9th Cir. 2005).

In general, the "constitutionality of a warrantless arrest is determined by the existence of probable cause." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990). In this case, Silva observed, at Saunders' residence, animals with no water and animals that Saunders was not permitted to possess under the terms of her probation agreement. Probable cause exists when "the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed . . . an offense." *Id.* at 773 (internal citation and quotation marks omitted). Based on Silva's observations, he had sufficient cause to believe that Saunders had committed a misdemeanor violation of Arizona's

2

animal control law.  *See* Ariz. Rev. Stat. § 13-2910(A)(1).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  Silva's arrest of Saunders, although outside of the scope of his authority, was supported by probable cause, and thus the mere fact of her arrest did not violate the Constitution.

Although "[a]n otherwise lawful seizure can violate the Fourth Amendment if it is executed in an unreasonable manner," *United States v. Alverez-Tejeda*, 491 F.3d 1013, 1016 (9th Cir. 2007), the district court did not consider whether the manner in which Saunders was seized was unreasonable, and the Appellee did not raise this argument on appeal.  We therefore do not consider any other potential sources of unreasonableness and hold that Silva's seizure of Saunders, supported by probable cause, was not unreasonable under the Fourth Amendment.  We reverse the judgment of the district court and remand for the entry of judgment in favor of Silva.

**REVERSED and REMANDED**