FILED

NOT FOR PUBLICATION

NOV 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA TOLSMA,

Plaintiff - Appellant,

v.

CITY OF SEATTLE; et al.,

Defendants - Appellees.

No. 11-35990

D.C. No. 2:09-cv-00267-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Joshua Tolsma appeals from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging Fourth Amendment violations, and state false arrest

and malicious prosecution claims, arising from two unrelated arrests in 2007 and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

2008. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We may affirm on any ground supported by the record. *Barry v. Fowler*, 902 F.2d 770, 772 n.4 (9th Cir. 1990). We affirm.

Summary judgment on Tolsma's claims related to the 2007 arrest was proper because Tolsma failed to raise a genuine dispute of material fact as to whether the officers lacked probable cause for the arrest and prosecution. *See Blankenhorn*, 485 F.3d at 471 ("The test for whether probable cause exists is whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense." (citation and internal quotation marks omitted)); *Hanson v. Snohomish*, 852 P.2d 295, 301 (Wash. 1993) (probable cause is a complete defense to false arrest and malicious prosecution claims under Washington law).

Summary judgment on Tolsma's claims related to the 2008 arrest was proper because Tolsma failed to raise a genuine dispute of material fact as to whether the officers lacked probable cause for the arrest and prosecution. *See id.*; *see also State v. Potter*, 132 P.3d 1089, 1091 (Wash. 2006) ("At the time of the arrest, the

arresting officer need not have evidence to prove each element of the crime beyond a reasonable doubt.").

The district court did not abuse its discretion by denying additional discovery because Tolsma failed to show that discovery would have yielded facts that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

**AFFIRMED.**