**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW M. GAINER and WENDY GAINER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF TROUTDALE; et al., <br><br> Defendants-Appellees. | No.  16-35047 <br><br> D.C. No. 3:14-cv-01346-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 9, 2018[**]
Portland, Oregon

Before:  N.R. SMITH, CHRISTEN, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Andrew Gainer appeals the district court's order granting

summary judgment to the defendants on all claims.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.** Invoking our decision in *United States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016), Gainer first argues the defendants violated the Fourth Amendment by arresting him at the threshold of his home without a warrant. In 2013, however, when the events of this case took place, it was not clearly established that arriving at a suspect's home to conduct a probable cause arrest if he agreed to step outside violated federal law. *See Florida v. Jardines*, 569 U.S. 1, 8 (2013) (concluding that visitors to a home, including police officers, have an implied license permitting them "to approach the home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave"). Because going to Gainer's home to "see if Mr. Gainer would voluntarily exit his house so that a probable cause arrest could be made" did not violate clearly established law in 2013, the defendants are entitled to qualified immunity on this claim. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865–66 (2014).

**2.** Officers interviewed three witnesses who told substantially the same story implicating Gainer. The defendants also engaged in an independent investigation of the alleged events by reviewing Travis Steele's medical records, observing Steele's blood in another witness's car, and returning to the Brass Rail to attempt to find other witnesses. The evidence officers had before them thus was sufficient to establish probable cause. *See Yousefian v.City of Glendale*, 779 F.3d 1010,

1014 (9th Cir. 2015) (probable cause requires only that the "facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed an offense" (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990)).  The Fourth Amendment did not require the defendants to conduct any further investigation prior to arresting him. *Cf. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (holding officers who relied on the "unexamined charge" of a single witness (the victim) and failed to "independently investigate" the witness's claim of battery did not have probable cause to arrest the defendant).

**3.** Gainer alleges that even if officers had probable cause to conduct the arrest, it dissipated during his post-arrest interview with police when Gainer provided the names of three other people who might have witnessed the event, contested the location of the assault, and explained that two men (not just one) "came at" him and that he struck one of them in self-defense.  But it is unclear from Gainer's interview whether the individuals he mentioned saw who threw the first punch, or even witnessed the altercation at all.  Gainer's assertion that the assault took place in a different parking lot, coupled with the investigating officer's inability to find blood in the Brass Rail parking lot, perhaps should have prompted officers to further inquire as to the precise location of the incident, but these

3

discrepancies hardly constituted the sort of "substantial, countering indicators" that have been held to dissipate probable cause, *United States v. Lopez*, 482 F.3d 1067, 1074 (9th Cir. 2007), given that the two locations were within 40 feet of each other. Probable cause thus did not dissipate after Gainer's post-arrest interview with police.

**4.** Because we conclude as a matter of law that officers had probable cause to arrest Gainer and probable cause did not dissipate thereafter, his remaining federal claims also fail. *See Yousefian*, 779 F.3d at 1016. As Gainer acknowledges, our conclusion about probable cause is also fatal to his state-law claims.

**AFFIRMED**.