**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL HENRIETTA RIVERA, | No.    18-16468 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00164-CKJ |
| v. | |
| TOWN OF PATAGONIA, an Arizona municipality; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted February 7, 2020[**]
Arizona State University, Phoenix, Arizona

Before: TASHIMA, HURWITZ, and MILLER, Circuit Judges.

April Rivera appeals from the summary judgment entered in favor of the

Town of Patagonia, Marshal Joseph Patterson, and Deputy Marshal Ronald Davis

on Rivera's claims under 42 U.S.C. § 1983 and Arizona law. Rivera argues that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

local law enforcement violated her Fourth Amendment rights through a series of arrests and citations that lacked probable cause. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, considering the evidence in the light most favorable to Rivera. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

1.      We agree with the district court that law enforcement officials had probable cause each time they arrested or cited Rivera. Probable cause exists when "the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe 'that the suspect has committed, is committing, or is about to commit an offense.'" *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Probable cause does not require certainty of criminal conduct, but only "a fair probability, given the totality of the circumstances." *United States v. Lopez*, 482 F.3d 1067, 1078 (9th Cir. 2007).

During a three-month period in 2014, Rivera had several significant contacts with law enforcement, beginning with her arrest on March 15 for disorderly conduct after Rivera hit her ex-husband in the head with a bottle during a domestic altercation. Rivera does not contest the validity of her March 15 arrest, but argues that many of the later arrests and citations lacked probable cause. We agree with

the district court that, for each challenge, Rivera has not shown a genuine factual dispute material to the existence of probable cause.

For example, with respect to Rivera's April 2 citation for interfering with a court order, it is undisputed that officers understood that Rivera had approached her ex-husband at their shared workplace, and persisted in approaching him during his one-time visit to retrieve belongings from their formerly shared residence, despite direction from law enforcement to avoid contact. These contacts violated the conditions of Rivera's release from jail for the March 15 offense and were contrary to instructions from law enforcement present at the time. The officers had probable cause to cite Rivera for a violation of Ariz. Rev. Stat. § 13-2810(A)(2), which prohibits the knowing resistance of a court order.

For Rivera's April 19 citation, it is undisputed that Rivera repeatedly called 911 without informing the dispatcher of an emergency. That conduct provided probable cause that Rivera was committing a crime. *See* Ariz. Rev. Stat. § 40-340(C). Because the inquiry into probable cause is an objective one, it is irrelevant that law enforcement issued a citation to Rivera under different statutory provisions. *See Edgerly v. City & County of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010); *see also Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

Rivera also argues that Patterson lacked probable cause when on April 19 he instructed her to vacate the mobile home where she resided, or be arrested for

3

criminal trespass. But Rivera does not contend that she was arrested for criminal trespass.

Rivera does not contest her April 19 arrest for driving under the influence, but argues that law enforcement then impounded her car without authority. That is incorrect. Rivera's car was ultimately towed incident to her arrest for driving under the influence, as permitted by Arizona law. *See* Ariz. Rev. Stat. § 28-872(C)(3).

As for Rivera's arrest on June 17 for driving with a suspended license, resisting arrest, and other violations, the record shows that officers reasonably understood that Rivera's license was suspended at that time. Law enforcement therefore had probable cause to cite Rivera. *See* Ariz. Rev. Stat. § 28-3473(A). Her conduct during the traffic stop provided probable cause for other violations. *See, e.g., id.* § 13-2508(A)(3) (resisting arrest).

For each arrest or citation, Rivera does not show that exculpatory evidence, ignored by the officers, would definitively "negate a finding of probable cause." *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (quoting *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003)). A reasonable jury could not find that the facts known to law enforcement were insufficient to establish probable cause.

2.     Even assuming that law enforcement lacked probable cause to arrest or cite Rivera for any of the incidents, the officers are entitled to qualified

immunity because they "reasonably but mistakenly conclude[d] that probable cause [wa]s present." *District of Columbia v. Wesby*, 138 S. Ct. 577, 591 (2018) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Because a reasonable officer "could have interpreted the law as permitting the arrests" and citations, *see id.* at 593, summary judgment was appropriate.

3.      Rivera raised a variety of other claims below but has not preserved them on appeal. Generally, we do not consider issues that a party does not specifically raise and support by argument in the opening brief, and we find no reason to depart from that practice here. *See France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015); *see also* Fed. R. App. P. 28(a)(8).

**AFFIRMED**.