**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT L. ROSEBROCK, | No.    19-55387 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-04354-DSF-AS |
| v. | |
| MICHAEL PEREZ, an individual; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DAVID J. SHULKIN, in his official capacity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 12, 2020**
Pasadena, California

Before:  CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robert Rosebrock filed an amended complaint against Veterans Affairs (VA) Officers Christian Perez (C. Perez), Michael Perez (M. Perez), and Detective Henderson, alleging that on June 12 and 19, 2016, the officers participated in arresting Rosebrock without probable cause in violation of the Fourth Amendment. The officers moved for summary judgment in the district court, arguing that all three had probable cause to cite Rosebrock for violating 38 C.F.R. § 1.218(a)(10), (14), and (5). The district court determined that the officers did not have reasonable probable cause to cite Rosebrock and denied the officers both qualified immunity and summary judgment. We reverse because the record demonstrates that on both occasions the officers had an objectively reasonable belief that they had probable cause to cite Rosebrock under all three regulations, and were entitled to qualified immunity.

We have jurisdiction to review the denial of qualified immunity pursuant to 28 U.S.C. § 1291 and "review de novo a district court's denial of summary judgment on the basis of qualified immunity." *Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011). VA police officers may make arrests on VA property for violations of VA regulations and federal law. 38 U.S.C. § 902(a)(2). If probable cause for an arrest exists for "any criminal offense," then the officers are entitled to qualified immunity "regardless of their stated reason for the arrest." *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010). "Even if the arrest was made without

2

a warrant and without probable cause … the officer may still be immune from suit if it was objectively reasonable for him to *believe* that he had probable cause." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1078 (9th Cir. 2011) (per curiam) (emphasis in original).  Here, "where the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts, it is appropriate for this court to decide whether probable cause existed at the time" of the arrests.  *Peng v. Penghu*, 335 F.3d 970, 979–80 (9th Cir. 2003).

**1.**     The officers had probable cause to arrest Rosebrock under 38 C.F.R. § 1.218(a)(10), which allows in relevant part "[p]hotographs for news purposes … [to] be taken at [VA] entrances, lobbies, foyers, or in other places designated by the head of the facility or designee."  The officers argue they had probable cause to cite Rosebrock for violating this statute when he took video in a location that did not qualify as a designated entrance for a news purpose.  The officers' argument turns on whether the officers reasonably could have concluded that (1) the place where Rosebrock was recording was not a VA "entrance" under the regulation, and (2) Rosebrock was recording for "news purposes."

**a.**     "Entrance": "There is no dispute Rosebrock video-recorded the Officers on VA property"—the VA Plaza in front of the Great Lawn Gate.  Lacking clear legal precedent as to what constituted an "entrance" under statute, the officers

relied in part upon then-VA Director Ann Brown's interpretation. She testified she understood photography was only permitted "with the approval of the public affairs officer," and the only entrance she considered "for news purposes" was main hospital building 500—not the VA Plaza. Because the Director expressly understood that the regulation "permit[s] news photography only at authorized areas," it is not unreasonable that the VA officers also shared this general understanding. *See Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005 (9th Cir. 2017) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." (citation omitted)); *Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998).

The officers' training is relevant to determine the reasonableness of the probable cause. *See Florida v. Harris*, 568 U.S. 237, 248–49 (2013); *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1061–62 (9th Cir. 2003). All the officers testified that due to their training they understood the regulation prohibited news photography outside designated areas, and none were advised that the VA Plaza constituted such a designated entrance.[1] The officers reasonably inferred from their prior training that the VA Plaza was not open to news photography.

---

[1] Although the district court and Rosebrock argue the officers should have interpreted the statute differently, they provide no facts indicating that the officers should have known to do so at that time. *Illinois v. Gates*, 462 U.S. 213, 232 (1983) ("[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts ….").

4

**b.** "News Purpose": To cite Rosebrock under 38 C.F.R. § 1.218(a)(10), the officers must have had a reasonable belief that Rosebrock was videotaping for a "news purpose." An officer may rely on "historical facts" and "may draw inferences based on his own experience in deciding whether probable cause exists" in a particular situation. *Ornelas v. United States*, 517 U.S. 690, 699–700 (1996).

In Rosebrock's videos on June 12 and June 19, he repeatedly made statements for the benefit of future viewers—reinforcing the officers' impression he was filming for news purposes.[2] All three officers submitted sworn statements evidencing their awareness of various pre-June 12, 2016 news articles published by Rosebrock, solidifying their reasonable belief in Rosebrock's "news purpose."[3] The officers thus had reasonable probable cause to cite Rosebrock under § 1.218(a)(10).

**2.** The video exhibits and Rosebrock's own testimony provided probable cause for the officers to arrest Rosebrock under 38 C.F.R. § 1.218(a)(14),[4] which prohibits

---

[2] In the June 19 encounter with Officer C. Perez and Detective Henderson, Henderson asked Rosebrock if he was filming for media purposes and, if so, to move off the VA Plaza to the city sidewalk. Rosebrock initially complied, which would further indicate to a reasonable officer that he indeed had a news purpose.

[3] Rosebrock himself published a piece in *Veterans Today* about the June 12, 2016 encounter with Officer M. Perez stating he invoked "freedom of the press" to justify his filming. Rosebrock's insistence that he had no news purpose runs counter to prior advocacy pieces he himself has published. One in particular bemoaned his exclusion as "an investigative writer, columnist and correspondent" from VA press conferences.

[4] That Rosebrock was only cited for violating section 1.218(a)(10) is of no import to the probable cause inquiry under other subsections. The officers' "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

"any … demonstration, except as authorized by the head of the facility or designee," which among other conduct, includes "the display of any placards [or] banners … on VA property unless approved by the head of the facility or designee."

On both occasions, the officers were aware of Rosebrock's prior protests, and observed large protest signs identical to those Rosebrock carried in prior protests leaning against the Great Lawn Gate in the VA Plaza. Rosebrock did not have authorization to protest on the VA Plaza. Rosebrock did not deny that he was protesting in his later deposition, insisting that he "always brings signs" to his "protests." Given the officers' prior knowledge of Rosebrock's protests and observation of the protest signs on federal property, they had reasonable probable cause to cite Rosebrock under § 1.218(a)(14). *See Menotti v. City of Seattle*, 409 F.3d 1113, 1153 (9th Cir. 2005) (agreeing an officer had probable cause to arrest an individual for unlawful protesting because the individual was carrying a sign in a restricted area with no indication he was exempt from the restriction).[5]

**3.** The officers also had probable cause to cite Rosebrock under 38 C.F.R. § 1.218(a)(5), which prohibits "disturbances" on VA property, including "unwarranted loitering" and "[c]onduct … which otherwise impedes or disrupts the

---

[5] The officers did not need to observe Rosebrock in the act of protesting to have probable cause to conclude that Rosebrock had likely conducted an unauthorized protest on federal property prior to their arrival. *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) (noting the legality of the arrest did not "depend[] on whether [the officer] was present when [the plaintiff] committed the misdemeanor[,]" but rather on whether probable cause justified the arrest).

performance of official duties by Government employees."

On both June 12 and 19, 2016, the officers were present to arrest Rosebrock's associate, Mr. Hayes, and Rosebrock attempted to intervene. The officers had reason to believe that Rosebrock was conducting unauthorized news filming on federal property in both instances, "disrupt[ing] the performance of official duties" when the officers paused in assisting with Hayes' arrests to respond to Rosebrock. 38 C.F.R. § 1.218(a)(5). When asked to surrender his camera for "evidence" purposes, Rosebrock did not comply on June 12 or 19 and further impeded the officers from carrying out their official duties. Rosebrock's consistent "disturbances" demonstrably interfered with the officers' official duties such that they had an objectively reasonable belief that they had probable cause to arrest Rosebrock under section 1.218(a)(5).

4.      The record does not indicate that Detective Henderson participated in citing Rosebrock or confiscating his camera and Rosebrock did not allege how Detective Henderson participated in either interaction.[6] Detective Henderson's mere presence at the scene is insufficient to deny him qualified immunity for the allegedly unlawful actions of Officer C. Perez. *City of Escondido v. Emmons*, 139 S. Ct. 500, 502–03

---

[6] The district court reasoned that despite Detective Henderson's non-involvement, Rosebrock's bare allegation in a declaration that "[Detective] Henderson and Officer [C.] Perez detained" him created an issue of fact that precluded summary judgment. This is error because conclusory statements from a declaration are insufficient to defeat a motion for summary judgment. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam).

(2019) ("Because only [the other officer] used any force at all" and the plaintiff "fail[ed] to identify contrary evidence," the Supreme Court held that the Ninth Circuit erred in denying the non-participating officer qualified immunity (citation omitted)); *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) ("Officers may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer.").

Rosebrock's prior news publications, history of protesting, and his interference with the officers' arrest of his associate created reasonable probable cause to cite him on June 12 and 19, 2016, under VA regulations for unauthorized news photography, unauthorized protesting, and disruption of official duties. The district court's decision denying the officers qualified immunity in those encounters on summary judgment is

**REVERSED**.